# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BLANDON LEE APPLEWHITE, )
)
        Petitioner, )
)
        v. )   1:05CV317
)   1:03CR440-1
UNITED STATES OF AMERICA, )
)
        Respondent. )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Blandon Lee Applewhite, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to unlawfully taking goods from an interstate shipment in violation of 18 U.S.C. § 659. (Docket nos. 8, 11 (criminal case)) The court sentenced him to 46 months in prison. (Id. docket no. 17) Petitioner did not appeal.

Petitioner then filed this section 2255 motion. (Docket no. 1)[1] He raises one ground for relief alleging that counsel rendered ineffective assistance by failing to object to his presentence report because it inaccurately calculated his criminal history category based on uncounseled misdemeanor convictions. (Id. at 5) Respondent has responded to the motion. (Docket no. 3) The court granted Petitioner's request for an extension of time to file a reply brief, but he has not filed

---

[1] This and further citations to the record will be to the civil case unless otherwise noted.

a brief and the time for filing has now expired. (Docket nos. 6, 7, 8) Petitioner has filed a motion for the appointment of counsel. (Docket no. 9) The matters are now ready for ruling.

## **DISCUSSION**

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). The petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994).

Respondent contends that Petitioner's claim lacks merit and should be dismissed. Counsel, Assistant Public Federal Defender Cochran, has submitted an affidavit stating that Petitioner never asked him to challenge any prior convictions based on his not being represented by counsel. (Docket no. 3, ex. A) Counsel also states that Petitioner "had the assistance of either appointed or retained counsel for every one of his prior convictions." (Id. at 2) Petitioner's presentence report confirms that he had the assistance of either retained or appointed counsel for every

one of his misdemeanor convictions for which he received a criminal history point. (PSR ¶¶ 25, 28, 29, 30, 31, 32) Counsel therefore did not perform unreasonably by not challenging the convictions on this basis. Petitioner also cannot show any resulting prejudice. He has therefore failed to establish ineffective assistance of counsel. See Strickland, 466 U.S. 668. This ground for relief should be dismissed.

Petitioner has moved for the appointment of counsel. (Docket no. 9) After considering the appropriate factors, appointment of counsel is not warranted. See McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984). This motion will be denied.

**IT IS THEREFORE ORDERED** that Petitioner's motion for the appointment of counsel (docket no. 9) be **DENIED**.

**IT IS RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 1) be **DENIED** and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
October 21, 2005